IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

LEIGHTON D. LINDSEY,

                      Plaintiff,

     v.

TANIA CLARK, DAVID GARDNER,
ROBERT HABLE, TROY HERMANS,
STACEY HOEM, MARY MILLER,
SARAH MASON, SCOTT RUBIN ASCH,
JENNIFER ANDERSON, JERRY SWEENEY,
ANDRES NAGLE, DEANNA THEIN,
MARLA WALTERS, KEVIN TRIPP,
JEFFREY KNUPPLE, BURTON COX,
JONI SHANNON-SHARPE,
BRIAN KOOL and MELANIE HARPER,

                      Defendants.

ORDER

12-cv-923-bbc

_____

Plaintiff Leighton Lindsey is proceeding in this case on his claim that defendants violated his rights under the Eighth Amendment by failing to place him on a "no kneel" restriction. Currently before the court is a plethora of motions filed by plaintiff. Each motion is discussed in turn below:

**I. Legal Loans to Contact Attorney**

First, plaintiff has filed a motion asking for a court order directing prison staff to allow him to use legal loan funds to contact more than three attorneys in an effort to gain representation.[1] Dkt. 39. He includes a letter from an assistant attorney general telling him that it is the DOC's policy to restrict inmates to three representation-seeking letters per case. This

---

[1] As noted in the court's April 24, 2013 order, plaintiff already had contacted three attorneys, all of whom declined to take his case. Dkt. 28.

court does usually not intervene in this type of dispute (a matter that is not actually a claim on which plaintiff is proceeding) short of a showing that the restriction is entirely preventing plaintiff from litigating the case, and plaintiff falls far short of making such a showing.

**II. Motion to Appoint Counsel**

Next, plaintiff has filed a motion (and then an amended version of that motion) in which he asks that the court appoint Attorney Gregory Dutch to represent him in this case. Dkt. 43, 49. Plaintiff includes a letter he received from Attorney Dutch appearing to show interest and stating, "Perhaps you could request Judge Crabb to assign me to handle the case, there is no money for fees from the court, but there is a possibility of reimbursement for costs."

There is no statutory authority to "appoint" counsel in this type of civil litigation; the most it can do is seek a volunteer. *See Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). Accordingly, I will deny plaintiff's motions that seek appointment. However, the court is always interested in attorneys willing to take on pro bono representation of indigent clients, and Attorney Dutch is correct that this court has a program to reimburse pro bono attorneys for their out-of-pocket costs in cases such as this one. Court staff will contact Attorney Dutch to discuss this matter and to determine if he still is genuinely interested in undertaking pro bono representation of plaintiff in this lawsuit.

**III. Motions to Compel**

Plaintiff has filed a motion to compel discovery, dkt. 44, stating that defendants have not answered interrogatories and production of documents. He also seeks a $15 sanction.

Defendants, however, stated that they sent him responses only a couple of days before the motion to compel was filed. This suggests that these responses crossed in the mail with plaintiff's motion. Therefore I will deny the motion without prejudice.

Plaintiff also states that the documents he requires will be very costly to obtain and will run up against his $50 legal loan. To the extent that he is seeking court intervention with the legal loan process, the court's response is similar to the restriction on attorney letters. Plaintiff fails to show that he is being blocked from litigating his case, and in any case, defendants note that he is being given an exception to the normal rule by being given a $100 limit. Thus, this portion of plaintiff's motion is denied as well.

Plaintiff has filed a second motion to compel discovery, dkt. 51, in which he seeks disciplinary records of defendants Mary Miller and Burton Cox, more specifically information showing those defendants being disciplined for "medical care mistreatment." Defendants state that Cox has no documents fitting this request, and Miller has one document, which defendants state "hinges on plaintiff's meaning intended with the phrase 'medical case mistreatment.'" Defendants state that they are willing to share the document with an attorney should plaintiff acquire one, but object to plaintiff's possession of it "due to security concerns associated with an inmate [having] possession of a document adverse to correctional institution staff." They also object on the basis that it would not lead to the discovery of admissible evidence. These questions are difficult to answer without knowing what is contained in the document. I will stay a ruling on this motion and direct that defendants submit a copy of the document for *in camera* review.

**IV. Motions for Protective Orders**

Plaintiff has filed two motions for protective orders. First, he seeks an order prohibiting DOC staff from purging personnel records, because it is his understanding that those records are eliminated after a year. Dkt. 54. Defendants stated that the DOC and DOJ are preserving the relevant files, so this motion will be denied as moot.

Next, plaintiff seeks an order regarding files relating to the special needs group and comfort item review group from 2010 to the present. Dkt. 60. Defendants have assured the court that they have already provided plaintiff with the documents he has requested about these groups, and thus I will deny the motion.

**V. Injunctive Relief for Legal Copies**

Finally, plaintiff has filed a motion for an injunction directing prison staff to make copies of plaintiff's legal documents within three days. Dkt. 62. He states that it has taken as long as seven days to receive copies, while other prisoner receive copies in four to five hours. Defendants, predictably, oppose the motion, stating that prison staff is working diligently on prisoners' request for copies. The delays plaintiff states he has encountered fall far short of the type of delay that threatens his ability to litigate the case, so I will deny the motion. To the extent that plaintiff experiences further delays in receiving copies that threaten deadlines set in this court, he is always free to inform the court of that fact. But given plaintiff's side of the story so far, these delays are manageable and plaintiff's best course of action is to be diligent in making his requests.

ORDER

It is ORDERED that:

(1) Plaintiff Leighton Lindsey's motion for an order directing prison staff to allow him to use legal loan funds to contact more than three attorneys, dkt. 39, is DENIED.

(2) Plaintiff's motions for the appointment of Attorney Gregory Dutch, dkt. 43, 49, are DENIED.

(3) Plaintiff's motion to compel discovery, dkt. 44, is DENIED.

(4) A ruling on plaintiff's second motion to compel discovery, dkt. 51, is STAYED. Defendants shall submit the relevant document to the court *in camera* as discussed above.

(5) Plaintiff's motions for protective orders, dkt. 54, 60, are DENIED as moot.

(6) Plaintiff's motion for an injunction regarding copies of his legal documents, dkt. 62, is DENIED.

Entered this 16th day of August, 2013.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge