IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

LEIGHTON D. LINDSEY,

                    Plaintiff,

v.

TANIA CLARK, *et al.*

                    Defendants.

ORDER

12-cv-923-bbc
_____

      Plaintiff Leighton Lindsey is proceeding in this Eighth Amendment lawsuit on his claim that defendants would not grant him a "no kneel" restriction. Before the court are several motions filed by plaintiff. I discuss each motion in turn below.

**I. Motions to Compel/Quash Discovery**

      Plaintiff has filed a motion to compel discovery, dkt. 73, requesting that the state provide him with copies of his voluminous medical record free of charge because he is rapidly running of legal loan money (from the parties' briefs it appears that plaintiff has less than $20 of his $100 in loans left). I am denying this motion.

      As a starting point, the Court of Appeals for the Seventh Circuit has observed that an inmate plaintiff "has no constitutional entitlement to a subsidy to prosecute this suit; like any other litigant, he must decide which of his legal actions is important enough to fund." *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir.2003)), Next, even if this court were more inclined to order the state to provide plaintiff with free copies, plaintiff fails to explain precisely what he needs and how much it might cost. It should go without saying that plaintiff has no right to a free copy of his entire medical record. Plaintiff states that these copies "can lead to additional discovery material." This suggests that plaintiff does not actually know what these documents say. Before

he can persuade the court that it should seriously consider his request to allow free copying, he will have to connect the dots by explaining which documents he wants copied and why; if he thinks a document will lead to additional discoverable evidence, he will have to explain why he thinks this is so.

Plaintiff's second motion to compel discovery and for sanctions, dkt. 91, is extremely vague. This ordinarily would be reason enough to deny it. Here, however, defendants' response clarifies that plaintiff continues to seek discovery aimed at ascertaining whether certain defendants were involved in a committee decision to refuse to place plaintiff on a "no kneel" restriction. Defendants explain that they already have answered these questions. This is all that is required. I am denying this motion to compel.

Defendants have filed a motion to quash further discovery by plaintiff, particularly as to further requests for admission that certain defendants were involved in refusing the "no kneel" restriction. Defendants note that they already have responded to sixteen sets of plaintiff's discovery. The court already has denied plaintiff's motions to compel. I will deny defendants' motion to quash in advance all future discovery requests by plaintiff because it is hypothetically possible that plaintiff might make a fair and useful discovery request. That said, defendants are free hereafter to seek court protection from redundant, irrelevant or unduly burdensome discovery requests.

A couple of points bear mentioning: I note that defendants suggest that plaintiff has attempted to contact defendant Mary Miller personally about getting discovery directly from her. The court understands that plaintiff probably has no choice but to have professional contact with at least some of the defendants in this case, but he should keep in mind that he cannot talk directly

with these defendants about his lawsuit or ask them for discovery. They are represented by counsel, so plaintiff must go through their lawyers on any matter concerning this lawsuit.

Also, plaintiff suggests that he only is allowed access to his medical file for 30 minutes every six months. If this is an accurate report, then this is unacceptable in the context of a pending lawsuit regarding issues related to a "no kneel" restriction. Plaintiff needs to more access than this in order to litigate this case. I encourage defendants to allow plaintiff to access his medical records so that he my ascertain which records will be useful going forward.

**II. Electronic Service of Documents**

Plaintiff has filed a motion asking the court to forward copies of all documents he files to defendants, rather than requiring him to submit separate copies of each document to defendants. Plaintiff already has received this accommodation: defendants already have agreed to accept service of plaintiff's documents through the court's electronic docket. Plaintiff is not required to send a separate copy to defendants. The motion is denied as unnecessary.

**III. Submission by Fax**

Plaintiff has filed a motion to submit documents to the court by fax, invoking his limited legal funds and suggesting that defendants have previously allowed him to fax discovery materials to them. Defendants admit that they allowed plaintiff to fax them responses to their discovery requests but oppose his current motion. They have the right to oppose this: it is plaintiff's responsibility to mail his documents to the court. Similar to the discussion above regarding free

copies of medical records, plaintiff has not made any showing that it is necessary for defendants to assume this responsibility for him. Accordingly, his motion will be denied.

**IV. Transcript of Preliminary Pretrial Conference**

Plaintiff has filed a motion for a free transcript of the court's May 3, 2013 preliminary pretrial conference. I will deny this motion because: (1) plaintiff suggests no reason for needing the transcript beyond that he is "entitled" to receive one; and (2) I can think of no reason he would need it; everything important that we talked about at the hearing is memorialized in the preliminary pretrial conference order, a copy of which plaintiff has already received. I will attach another copy of that order to this one.

ORDER

It is ORDERED that:

(1) Plaintiff's motions to compel discovery, dkts. 73 & 91, are DENIED.

(2) Plaintiff's motion for the court to forward to defendants all documents he files in this case, dkt. 79, is DENIED as moot.

(3) Plaintiff's motion to file documents by fax, dkt. 82, is DENIED.

(4) Plaintiff's motion for a transcript of the preliminary pretrial conference, dkt. #80, is DENIED.

(5) Defendants' motion to quash future discovery, dkt. 84, is DENIED.

Entered this 7th day of October, 2013.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge