IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

LEIGHTON D. LINDSEY,

                      Plaintiff,

    v.

TANIA CLARK, *et al.*

                      Defendants.

ORDER

12-cv-923-bbc

_____

      Plaintiff Leighton Lindsey is proceeding in this Eighth Amendment lawsuit on his claim that defendants would not grant him a "no kneel" restriction. On October 7, 2013 I issued an order regarding several of plaintiff's discovery-related motions. Plaintiff has filed a new series of motions I will discuss in turn below.

**I. Motions to Compel**

      Plaintiff has filed a motion to compel discovery, dkt. 97 as well as an amended motion, dkt. 103, on which the court had set briefing; after considering the documents, I conclude that no briefing is necessary. Plaintiff's motions are extremely vague but I interpret them to concern discovery requests made by plaintiff in which he is trying to learn the identities of the people on the special needs committee (who would have been the staff members responsible for denying his requests for no-kneel restriction). As discussed in the October 7 order, defendants state that they have already answered these questions. This is all that they are required to do. Plaintiff appears to believe that certain defendants who claim to not have served on the committee on the relevant dates actually *did* serve, while defendants now state that the individuals who claim not to have been on the committee object to answering discovery requests.

At this point, it is unclear what plaintiff thinks he is entitled to receive as discovery. It appears that plaintiff simply does not like or agree with some of defendants' responses, but this is not a reason to order further responses from the defendants. Anyone who remains a defendant in this case is obliged to respond to plaintiff's discovery requests, but if they have already answered a question that plaintiff then asks again, then they may respond by objecting to answering the question a second time. Plaintiff does not provided a detailed explanation of the responses that he believes were incomplete, so there is no reason for this court's ruling today to be different from the October 7 ruling: plaintiff's motions will be denied.

## II. Free Medical Documents

Plaintiff has also filed a motion seeking free copies of certain medical documents rather than tap into his legal loan. As I stated in the October 7, 2013 order, defendants have no obligation to provide him with free copies. Defendants have made the documents available for plaintiff to view. This is all that is required of them. Plaintiff's motion will be denied.

## III. Preliminary Injunction Motion

Plaintiff has filed a motion for preliminary injunctive relief directing defendants to prescribe a no-kneel restriction. However, this motion does not comply with the court's procedures under which a party seeking an injunction must provide proposed findings of fact, each of which must cite to attached admissible evidence. Because plaintiff's motion does not comply with this court's procedures, I will deny it without prejudice, which means that plaintiff can refile the motion, taking care to follow the court's procedures. I will attach a copy of the court's procedures to this order.

2

**IV. Lawyer Directory**

Plaintiff has filed a motion for the court to direct defendants to provide the law library with a lawyer directory. Defendants state that the librarian's vacation schedule has made it difficult to confer about the issue, but in any case, the prison will be provided a copy of the Wisconsin Lawyer Directory by the end of November. This response is sufficient for me to deny plaintiff's motion as unnecessary.

**V.  Motion for Clarification**

Finally, plaintiff has filed a motion for clarification regarding issues concerning the electronic submission of documents. He first asks whether he can file discovery requests directly to the court electronically. As I stated in the preliminary pretrial conference order, the court does not want the parties to file discovery requests with the court unless it is necessary to support a motion. Plaintiff should mail copies of his discovery requests directly to defendants. To the extent that plaintiff is asking the court to accept his discovery requests as a method of service on defendants, that request will be denied.

Plaintiff also states that he has not received electronic filing notifications in over a month, which suggests that he has received them before. This is puzzling because it is not the court's policy to send such receipts to parties filing paper documents. Rather, the policy for paper-filing parties seeking confirmation that the court received a particular filing is that the party provide an additional copy of the filed document and a self-addressed stamped envelope. The clerk of court will stamp the extra copy as received and return it to the party in the envelope provided. Plaintiff requests a copy of the docket sheet, which I will attach to this order.

Plaintiff states also that he filed a document he mistakenly failed to caption as a motion and asks if the court is taking action on it. He does not explain what he was asking for in the motion, and after this order, there are no outstanding motions on the case. Plaintiff should look at the docket sheet and, if necessary, refile any motions he believes have not been ruled on.

ORDER

It is ORDERED that:

(1)   Plaintiff's motions to compel discovery, dkts. 97 & 103, are DENIED.

(2)   Plaintiff's motion for free copies of medical documents, dkt. 98, is DENIED.

(3)   Plaintiff's motion for preliminary injunctive relief, dkt. 99, is DENIED without prejudice.

(4)   Plaintiff's motion for provision of a lawyer directory, dkt. 100, is DENIED as unnecessary.

(5)   Plaintiff's motion for the court to accept his discovery requests as a method of serving defendants, dkt. 102, is DENIED.

(6)   Plaintiff's motion for clarification, dkt. 102, is GRANTED; further clarification of issues regarding electronic service has been provided above.

Entered this 8th day of November, 2013.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge