IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEIGHTON D. LINDSEY,

                                                          OPINION AND ORDER

          Plaintiff,

                                                         12-cv-923-bbc

     v.

TANIA CLARK, DAVID GARDNER,
ROBERT HABLE, TROY HERMANS,
STACEY HOEM, MARY MILLER,
SARAH MASON, SCOTT RUBIN ASCH,
JENNIFER ANDERSON, JERRY SWEENEY,
ANDRES NAGLE, DEANNA THEIN,
MARLA WALTERS, KEVIN TRIPP,
JEFFREY KNUPPLE, BURTON COX,
JONI SHANNON-SHARPE,
BRIAN KOOL and MELANIE HARPER,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this closed civil action, plaintiff Leighton Lindsey alleged that personnel at his prison should have instituted a policy that prohibited the correctional officers from requiring him to kneel for cuffing because he suffered from a knee injury. On September 24, 2014, judgment was entered in favor of defendants Jerome Sweeney, Brian Kool, Robert Hable, David Gardner, Mary Miller, Burton Cox, Melanie Harper, Kevin Tripp, Deaana Thein, Scott Rubin-Asch, Joni Shannon-Sharpe, Marla Walters, Sarah Mason, Jeffrey Knuppel, Stacey Hoem, Tania Clark, Troy Hermans, Jennifer Anderson and Andrew Nagle. On October 20, 2014, plaintiff filed a motion in which he asks the court to "deny defendants[']

1

summary judg[]ment," dkt. #170, which I construe as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). This motion will be denied because plaintiff has not given a reason to grant it.

Plaintiff has also filed several other motions, dkt. ##172, #174, but it is unclear whether this court retains jurisdiction to consider them because plaintiff has also filed a notice of appeal, dkt. #173. Even if I assume that this court retains jurisdiction, I would deny the motions because they have no merit.

OPINION

Plaintiff was appointed counsel to assist him in litigating this case, who assisted him with his responses to defendants' motion for summary judgment, as well as with a motion to compel discovery from defendants. Briefing on both motions was complete on August 13, 2014. Plaintiff's counsel moved to withdraw from the case on September 4, 2014, citing irreconcilable differences with plaintiff. I gave plaintiff an opportunity to respond by September 16, 2014 to his counsel's motion and to inform the court whether he wished to supplement the motion for summary judgment or the motion to compel. Plaintiff did not respond to that order. On September 24, 2014, his motion to compel was denied because he had not shown that the requested evidence was material to his case. Summary judgment was granted in favor of defendants because it was undisputed that certain defendants were not responsible for the kneeling policy and because the undisputed facts showed that the remaining defendants did not act with deliberate indifference. The clerk of court entered

summary judg[]ment," dkt. #170, which I construe as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). This motion will be denied because plaintiff has not given a reason to grant it.

Plaintiff has also filed several other motions, dkt. ##172, #174, but it is unclear whether this court retains jurisdiction to consider them because plaintiff has also filed a notice of appeal, dkt. #173. Even if I assume that this court retains jurisdiction, I would deny the motions because they have no merit.

OPINION

Plaintiff was appointed counsel to assist him in litigating this case, who assisted him with his responses to defendants' motion for summary judgment, as well as with a motion to compel discovery from defendants. Briefing on both motions was complete on August 13, 2014. Plaintiff's counsel moved to withdraw from the case on September 4, 2014, citing irreconcilable differences with plaintiff. I gave plaintiff an opportunity to respond by September 16, 2014 to his counsel's motion and to inform the court whether he wished to supplement the motion for summary judgment or the motion to compel. Plaintiff did not respond to that order. On September 24, 2014, his motion to compel was denied because he had not shown that the requested evidence was material to his case. Summary judgment was granted in favor of defendants because it was undisputed that certain defendants were not responsible for the kneeling policy and because the undisputed facts showed that the remaining defendants did not act with deliberate indifference. The clerk of court entered

summary judg[]ment," dkt. #170, which I construe as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). This motion will be denied because plaintiff has not given a reason to grant it.

Plaintiff has also filed several other motions, dkt. ##172, #174, but it is unclear whether this court retains jurisdiction to consider them because plaintiff has also filed a notice of appeal, dkt. #173. Even if I assume that this court retains jurisdiction, I would deny the motions because they have no merit.

OPINION

Plaintiff was appointed counsel to assist him in litigating this case, who assisted him with his responses to defendants' motion for summary judgment, as well as with a motion to compel discovery from defendants. Briefing on both motions was complete on August 13, 2014. Plaintiff's counsel moved to withdraw from the case on September 4, 2014, citing irreconcilable differences with plaintiff. I gave plaintiff an opportunity to respond by September 16, 2014 to his counsel's motion and to inform the court whether he wished to supplement the motion for summary judgment or the motion to compel. Plaintiff did not respond to that order. On September 24, 2014, his motion to compel was denied because he had not shown that the requested evidence was material to his case. Summary judgment was granted in favor of defendants because it was undisputed that certain defendants were not responsible for the kneeling policy and because the undisputed facts showed that the remaining defendants did not act with deliberate indifference. The clerk of court entered

judgment and closed the case.

On October 20, 2014, plaintiff filed a motion to alter or amend the judgment. Dkt. #170. He filed various other motions on that date as well, including a motion to supplement his materials in response to defendants' motion for summary judgment materials and in opposition to the withdrawal of his counsel. Plaintiff does not explain why he was so late in filing these motions. He was transferred to a different prison on September 8, 2014, and he says that he did not receive his counsel's motion to withdraw until September 11, 2014, but that would not explain why he did not respond until more than a month later. In his other filings, he complained of the prison's tardiness in "notarizing" his requests for legal loans, but he did not explain whether that problem had anything to do with his late response to the court's order.

Nevertheless, even if plaintiff's request that the court alter or amend its judgment had been timely, I would deny it on the merits because he has not set forth any reasons for granting it other than that he was not able to depose defendant Mary Miller. He has not explained why defendant Miller's deposition should change the outcome of the case. In plaintiff's first motion to compel on this matter, dkt. #155, he argued that defendant Miller's testimony could reveal whether she based her decision to vote against plaintiff's request for a restriction on kneeling on medical information to which she had access as the head of health services. As I explained in denying that motion, it is immaterial whether defendant Miller consulted the plaintiff's medical information because her decision as a member of the comfort items review board did not require her to base her decision on

3

plaintiff's medical needs.  Dkt. #168.  Thus, the information plaintiff sought would not show that defendant Miller acted with deliberate indifference with respect to plaintiff's medical condition and it would not have been a ground for altering or amending the order granting summary judgment.  Accordingly, plaintiff's motion will be denied.

Before addressing the merits of plaintiff's remaining motions, I note that there is a question whether this court retains jurisdiction over them.  Plaintiff has filed his notice of appeal, dkt. #173, and the general rule is that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982).  However, the district court retains jurisdiction over "ancillary questions" that are not the matters appealed, Kusay v. United States, 62 F.3d 192, 194 (7th Cir. 1995), and plaintiff's remaining motions pertain to matters not appealed.  Therefore, it appears likely that this court retains jurisdiction over plaintiff's remaining motions.  Nevertheless, these motions will be denied because plaintiff has not shown that they have any merit.

Because I decline to alter or amend the judgment, much of what plaintiff seeks is no longer relevant.  Falling into this category are his motion to supplement his responses to defendants' motion for summary judgment, dkt. #172; motion to amend the dispositive motions deadline and trial date, id.; motion to "reinstate[,] acknowledge[,] attach and add" the documents he filed directly with the court when he was represented by counsel (Dkt. ##143, 144, 161, which the court docketed but did not consider because plaintiff was

4

represented by counsel and all of which pertain to obtaining defendant Miller's deposition), id.; and motion to obtain various pieces of discovery (unidentified documents and Miller's disciplinary file), dkt. #171; and his objection to his counsel's motion to withdraw and his motion for a hearing on that issue, dkt. #172.  I note that with respect to plaintiff's objection to his counsel's withdrawal, plaintiff has not identified why he requires counsel for litigation *in this court*.  His case has been closed, and he was not harmed by the absence of his counsel because the summary judgment materials were fully filed by the time his counsel withdrew.  To the extent he wishes to retain his counsel on appeal, that matter is within the jurisdiction of the court of appeals.

Plaintiff also asks the court to grant him various forms of injunctive relief against nonparties.  Dkt. ##172, 174, 175, 179.  This court grants such injunctions only when plaintiff has shown that the nonparties' actions interfere with the present litigation.  This case is closed, and plaintiff has not identified any reason he would require the injunctive relief for litigation *in this court*.  Plaintiff complains that prison officials at Green Bay Correctional Institution are not permitting him to view all of his documents at once because he is in segregation, so they require him to first identify which documents he wishes to review.  Dkt. #172.  Further, plaintiff says that the prison takes weeks to "notarize" his requests for legal loans, which seems to be a step required before the prison approves them. Dkt. ##172, 175.  With respect to both motions, plaintiff has not identified how his litigation has been or will be affected.  He does not identify the documents he requires or identify any deadlines he has failed to meet because of the notarization problem.  To the

5

extent plaintiff wants materials or loans for his arguments on appeal, those questions must be raised in the court of appeals.  Accordingly, these motions will be denied.

Plaintiff also asks the court to order his former lawyer, Gregory Dutch, to send him all documents in his case file for this case. Dkt. ##174, 179. Mr. Dutch has filed a letter with the court stating that he has provided plaintiff with all the contents of his file, except for certain discovery materials that plaintiff possessed before Mr. Dutch began his representation. Dkt. #185.  Plaintiff has not responded.  Accordingly, this motion will be denied as moot.

ORDER

IT IS ORDERED that

1.  Plaintiff Leighton Lindsey's motion to alter or amend the judgment, dkt. #170, is DENIED.

2.  Plaintiff's motions to supplement his responses to defendants' motion for summary judgment, dkt. #172; to amend the dispositive motions deadline and trial date, id.; to "reinstate[,] acknowledge[,] attach and add" the documents he filed directly with the court when he was represented by counsel, id.; to obtain discovery, dkt. #171; for injunctive relief related to the Green Bay Correctional Institution's document review and legal loan notarization policies are DENIED.

3.  Plaintiff's objection to his counsel's motion to withdraw and his motion for a hearing on the matter, dkt. #172, are DENIED, and plaintiff's motion to enjoin Gregory

Dutch to send his case file, dkt. ##174, 179, is DENIED as moot.

Entered this 10th day of November, 2014.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge