IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEIGHTON D. LINDSEY,

                        OPINION AND ORDER

      Plaintiff,

                        12-cv-923-bbc

    v.

TANIA CLARK, DAVID GARDNER,
ROBERT HABLE, TROY HERMANS,
STACEY HOEM, MARY MILLER,
SARAH MASON, SCOTT RUBIN ASCH,
JENNIFER ANDERSON, JERRY SWEENEY,
ANDRES NAGLE, DEANNA THEIN,
MARLA WALTERS, KEVIN TRIPP,
JEFFREY KNUPPLE, BURTON COX,
JONI SHANNON-SHARPE,
BRIAN KOOL and MELANIE HARPER,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Summary judgment was entered in favor of defendants in this case on September 24, 2014. On October 22, 2014, plaintiff Leighton D. Lindsey appealed that decision to the Court of Appeals for the Seventh Circuit. Now plaintiff has filed a motion in which he alleges that his former lawyer is withholding a witness's affidavit and asks the court to order the lawyer to send the affidavit to plaintiff. Dkt. #187.

      As an initial matter, it is unclear whether this court has jurisdiction to consider plaintiff's motion. Although the district court retains jurisdiction over issues that do not affect the appeal, Kusay v. United States, 62 F.3d 192, 194 (7th Cir. 1995), it is not clear

1

whether this motion falls under that category because plaintiff intends to use the affidavit to supplement his *appeal* brief. Further, the appellate record may be corrected or modified only with respect to material omissions or misstatements in the record that were made "by error or accident." Fed. R. App. P. 10(e)(2). (Plaintiff may also challenge the record as failing to "truly disclose what occurred in the district court," Fed. R. App. P. 10(e)(1), but plaintiff has not done that.) "All other questions as to the form and content of the record must be presented to the court of appeals." Fed. R. App. P. 10(e)(3). In this case, plaintiff wishes to add a new affidavit that was never before the court, which appears to be a question for the court of appeals only.

In any event, plaintiff has not explained the relevance of this document. Plaintiff says that he requires the affidavit to supplement his appeal brief "because it is essential for me to assert the basis of my appeal surrounding the content of the bad faith affidavit which may have greatly harmed how things were handled by attorney Dutch in my lawsuit." Dkt. #187, at 1. It is not clear whether he means that the affidavit establishes his lawyer's bad faith or that the affidavit caused his lawyer to decide to act in bad faith with respect to plaintiff's case. Either way, plaintiff does not explain why information about his lawyer's "bad faith" or allegedly poor performance is relevant to his appeal. Civil litigants such as plaintiff are not entitled to lawyers by right, so failures by their counsel are not grounds for altering the outcome in their lawsuits. Bell v. Eastman Kodak Co., 214 F.3d 798, 802 (7th Cir. 2000) ("[P]laintiff is arguing ineffective assistance of counsel, and while that is a ground for a collateral attack on a criminal judgment, . . . it is not a basis for collateral attack on a

civil one.") (citation omitted). Because plaintiff has not shown that he could use the affidavit for any permissible purpose on appeal, I am denying his motion.

ORDER

IT IS ORDERED that plaintiff Leighton D. Lindsey's motion asking the court to order his lawyer to send the affidavit of Titus Henderson, dkt. #187, is DENIED.

Entered this 5th day of December, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge