IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEIGHTON D. LINDSEY,

        Plaintiff,

  v.

TANIA CLARK, DAVID GARDNER,
ROBERT HABLE, TROY HERMANS,
STACEY HOEM, MARY MILLER,
SARAH MASON, SCOTT RUBIN ASCH,
JENNIFER ANDERSON, JERRY SWEENEY,
ANDRES NAGLE, DEANNA THEIN,
MARLA WALTERS, KEVIN TRIPP,
JEFFREY KNUPPLE, BURTON COX,
JONI SHANNON-SHARPE,
BRIAN KOOL and MELANIE HARPER,

        Defendants.

ORDER

12-cv-923-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  In an order entered in this case on December 15, 2014, I granted plaintiff Leighton Lindsey's request for leave to proceed in forma pauperis on appeal from the judgment entered on September 24, 2014. Now plaintiff has filed a document titled "Motion for Pretrial Conference Transcript." In this motion, plaintiff asks for preparation of the transcript of the telephone preliminary pretrial conference conducted by United States Magistrate Judge Stephen Crocker on May 3, 2013. I construe this request as a motion for a proceeding transcription at government expense pursuant to 28 U.S.C. § 753(f). Plaintiff's request will be denied without prejudice.

1

Under 28 U.S.C. § 753(f), a party proceeding in forma pauperis is entitled to a free transcript only after the "trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." Plaintiff has not explained how the transcript of the preliminary pretrial conference is relevant to the issues he intends to raise on appeal. I do not intend to ask the government to pay the costs of transcribing the preliminary pretrial conference unless it appears clear that plaintiff intends to mount a potentially meritorious challenge to something that occurred during that particular proceeding.

Accordingly, IT IS ORDERED that plaintiff's motion for transcription of the preliminary pretrial conference at government expense pursuant to 28 U.S.C. § 753(f) is DENIED without prejudice to plaintiff's renewing his motions accompanied by a statement explaining how the transcript is relevant to the issues he intends to raise on appeal.

Entered this 24th day of February, 2015.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge