IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEIGHTON D. LINDSEY,

                                                                                                   ORDER

                    Plaintiff,

                                                                                12-cv-923-bbc

      v.

TANIA CLARK, DAVID GARDNER,
ROBERT HABLE, TROY HERMANS,
STACEY HOEM, MARY MILLER,
SARAH MASON, SCOTT RUBIN ASCH,
JENNIFER ANDERSON, JERRY SWEENEY,
ANDRES NAGLE, DEANNA THEIN,
MARLA WALTERS, KEVIN TRIPP,
JEFFREY KNUPPLE, BURTON COX,
JONI SHANNON-SHARPE,
BRIAN KOOL and MELANIE HARPER,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Summary judgment was entered in favor of defendants in this case on September 24, 2014. On October 22, 2014, plaintiff Leighton D. Lindsey appealed that decision to the Court of Appeals for the Seventh Circuit. On March 16, 2015, plaintiff filed a motion in this court, seeking a preliminary injunction or temporary restraining order, dkt. #202. He alleged that correctional officers at the Green Bay Correctional Institution, took papers pursuant to a policy limiting the amount of papers he can have in his cell and threatened to prevent him from receiving mail. The papers have not been returned. Plaintiff says these actions harmed him because he needed the papers taken to complete his brief in the court

1

of appeals. At the time plaintiff filed his motion, this court did not have jurisdiction over the case and did not have authority to grant him the relief he sought. Kusay v. United States, 62 F.3d 192, 193 (7th Cir. 1995) ("'The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'") (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)).

In his motion for injunctive relief, plaintiff requested an extension of time in which to file his appellate brief. (It is not clear why he made that request in this court.) On March 26, 2015, he informed the court of appeals that he would not be filing the brief. The court dismissed plaintiff's appeal under Fed. R. App. P. 42(b).

It is unlikely that his court has jurisdiction over plaintiff's late motion for a temporary restraining order or preliminary injunction, but even if it exists, I would deny the motion. First, plaintiff has not explained the basis he has for filing a motion in this court. Because he filed it several months after judgment was entered, I could construe it as a motion for relief from judgment under Fed. R. Civ. P. 60(b), but plaintiff has not identified how this court erred in deciding his case or any reason to alter the judgment in this court. Accordingly, I am denying the motion. If plaintiff believed that prison officials were interfering with his appeal, he should have filed a motion with the court of appeals while his appeal was pending.

ORDER

IT IS ORDERED that plaintiff Leighton D. Lindsey's motion seeking injunctive relief related to his legal papers and mail for his appeal, dkt. #202, is DENIED.

Entered this 1st day of April, 2015.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge